Filed 9/30/13  Marriage of Chepel CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re the Marriage of IGOR and IRENA CHEPEL. | C070927 |
| IGOR CHEPEL,<br><br>Appellant,<br><br>v.<br><br>IRENA CHEPEL,<br><br>Respondent. | (Super. Ct. No. 06FL01558) |

Appellant Igor Chepel appeals from numerous court orders related to child support and contempt, as well as his applications to disqualify the trial court for bias.  Despite appealing from numerous court orders, appellant's only arguments on appeal relate to his belief that the trial court was biased against him and engaged in judicial misconduct. Since appellant failed to support his claims with evidence in the record, we affirm.

DISCUSSION

Appellant first contends the trial judge "should have recused himself since he knew that there was a conflict of interest or at least the appearance of a conflict of

interest." Appellant has forfeited this claim by failing to support the claim with any citations to the record. (Cal. Rules of Court, rule 8.204(a)(1)(C);[1] *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1245–1246 & fn. 14 [the failure to present argument with references to the record results in a forfeiture of any assertion that could have been raised]; *Miller v. Superior Court* (2002) 101 Cal.App.4th 728, 743 [lack of adequate citation to the record forfeits the claim of error].)[2] We recognize defendant brings this appeal without benefit of legal representation. Nonetheless, his in propria persona (pro per) status does not exempt him from the rules of appellate procedure or relieve him of his burden on appeal. (See *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984; see also *Nwosu v. Uba*, *supra,* 122 Cal.App.4th at pp. 1246-1247.)

Appellant next claims the trial court "should have deemed [his] motion a challenge for cause if it concluded that the motion was not timely." Appellant fails, however, to support his claim with any meaningful argument or citation to the record. Accordingly, this claim also fails. (*Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115-1116 [merely setting forth general legal principles without specifically demonstrating how they establish error is insufficient to raise a cognizable issue on appeal]; *Nwosu v. Uba*, *supra,* 122 Cal.App.4th at pp. 1245–1246 & fn. 14; *Miller v. Superior Court*, *supra,* 101 Cal.App.4th at p. 743.)

Appellant raises two more claims: (1) "Judge Mize appeared to be bias[ed] and or prejudice[d] by his conduct"; and (2) "Judge Mize abandoned his the [sic] Judicial Role." Again, however, appellant failed to support these claims with citations to the record. The

---

[1]     Undesignated references to rules are to the California Rules of Court.

[2]     The only part of the record which gives any indication of appellant's claims is a copy of a federal lawsuit appellant filed against Judge Mize.

claims are thus forfeited. (*Nwosu v. Uba*, *supra,* 122 Cal.App.4th at pp. 1245–1246 & fn. 14; *Miller v. Superior Court*, *supra,* 101 Cal.App.4th at p. 743.)

Appellant's final claim is that "[i]t was Judicial Misconduct for Judge Mize to use fathom [sic] numbers in deciding on a Child Support Amount to be paid by Appellant." In support of his claim, appellant includes a single record citation to a five-page minute order, handwritten by the trial court and issued on March 20, 2012. Nevertheless, this claim also fails.

Since appellant elected to proceed on a clerk's transcript, there is no reporter's transcript of that hearing. (Rule 8.121.) Accordingly, we must conclusively presume evidence was presented that is sufficient to support the court's findings. (*Ehrler v. Ehrler* (1981) 126 Cal.App.3d 147, 154.) Our review is limited to determining whether any error "appears on the face of the record." (*National Secretarial Service, Inc. v. Froehlich* (1989) 210 Cal.App.3d 510, 521; rule 8.163.) On the face of this record, we find no error and we find no judicial misconduct.

## DISPOSITION

The orders of the trial court are affirmed. Costs are awarded to respondent. (Rule 8.278(a)(5).)

                                                  _____ROBIE_____, J.

We concur:

_____HULL_____, Acting P. J.

_____MAURO_____, J.

3